UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case:2:16-cr-20197 <br> Judge: Roberts, Victoria A. <br> MJ: Grand, David R. <br> Filed: 03-22-2016 At 03:49 PM <br> IND SEALED V SEALED (BG) |
| Plaintiff, | |
| v. | VIO: <br> 21 U.S.C. 846; 841(a)(1) |
| D-1 JOSEPH SAAD | 21 U.S.C. § 856 <br> 18 U.S.C. § 2 |
| Defendant. | |

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

**At all times relevant to this Indictment:**

1. Defendant JOSEPH SAAD operated purported medical practices in the Detroit area from at least 2010 to 2014. The true purpose of these practices was for SAAD and others to illegally distribute prescription controlled substances for profit.

2. The Tel-Ford Medical Walk-in Clinic, PLLC ("Tel-Ford Clinic") was a Michigan corporation doing business at 2220 Telegraph Road in Dearborn, MI.

3. The Suburban Healthcare Organization, PLLC ("Suburban Healthcare") was a Michigan corporation doing business at 1600 Kingsway Court., Suite 2, in Trenton, Michigan.

4. Suburban Healthcare and the Tel-Ford Clinic were ostensibly urgent care and family practice medical clinics that employed physicians to provide purported healthcare services to patients, including the prescription of controlled substances to manage pain and anxiety, among other purported ailments.

5. Defendant JOSEPH SAAD operated both the Tel-Ford Clinic and Suburban Healthcare, with the assistance of other named and unnamed co-conspirators.

## COUNT ONE

21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Unlawfully Distribute Controlled Substances

D-1 JOSEPH SAAD

6. Paragraphs 1 through 5 of this Indictment are included in this count.

7. From about January of 2010 until about October of 2014, in the Eastern District of Michigan, defendant JOSEPH SAAD knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed with Dr. Irwin Marcus Lutwin, C.S., D.O., other persons not named in this indictment, to knowingly and intentionally unlawfully distribute prescription Schedule II-V controlled substances, including, but not limited to, oxycodone, oxymorphone, amphetamine salts, hydrocodone, and alprazolam; which controlled substances were prescribed outside the course of usual professional medical practice and for no legitimate medical purpose, all in violation of Title 21, United States Code, Sections 846, 841(a)(1).

## Purpose of the Conspiracy

8. It was a purpose of the conspiracy for defendant JOSEPH SAAD and other co-conspirators to unlawfully enrich themselves by, among other things, selling medically unnecessary controlled substance prescriptions in exchange for cash and other remuneration.

## Manner and Means

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

3

9. From at least January of 2010 until about October of 2014, defendant JOSEPH SAAD conspired with others to devise a scheme by which purported medical patients could purchase medically unnecessary controlled substance prescriptions in exchange for cash payments and other remuneration—all while concealing the scheme by attempting to give the Tel-Ford Clinic and Suburban Healthcare the false appearance of legitimate medical practices.

10. To further the conspiracy, defendant JOSEPH SAAD agreed with Dr. Irwin Marcus Lutwin, among other co-conspirators, to establish the Tel-Ford Clinic in about October of 2009 with the purpose of illegally prescribing controlled substances for financial gain. JOSEPH SAAD operated the Tel-Ford Clinic until about the spring of 2014.

11. Also in furtherance of the conspiracy, defendant JOSEPH SAAD agreed with Dr. Lutwin, among other co-conspirators, to establish Suburban Healthcare in about June of 2014 with the purpose of illegally prescribing controlled substances for financial gain. JOSEPH SAAD operated Suburban Healthcare with the assistance of C.S. and others until about October of 2014 when federal agents arrested Dr. Lutwin and executed a search warrant at Suburban Healthcare.

12. After purported patients paid cash to the Tel-Ford Clinic and Suburban Healthcare, Dr. Lutwin, at the direction of defendant JOSEPH SAAD, prescribed controlled substances to patients outside the course of usual professional medical practice and for no legitimate medical purpose. In doing so, defendant JOSEPH SAAD caused the unlawful prescription by Dr. Lutwin of over three million dosage units of Schedule II-V controlled substances to patients of the Tel-Ford Clinic and Suburban Healthcare without medical necessity as part of the conspiracy.

13. In order to maintain a steady patient-base and unlawfully enrich himself and other co-conspirators, JOSEPH SAAD agreed with patient recruiters/marketers, including RECRUITER 1, to find and recruit "patients" and bring them to the Tel-Ford Clinic and Suburban Healthcare. Most of these patients did not have real medical problems that warranted any medical attention, but were instead enlisted in the scheme for the purpose of increasing revenue to JOSEPH SAAD's clinics (and benefitting the recruiter). Each patient, or the marketer who brought the patient, would pay an office visit fee to the medical clinic, usually in cash. The patient would then see a doctor who would write the patient an unlawful prescription. The patient, oftentimes with the recruiter, would have the prescription filled at a

pharmacy and then sell the prescription in whole or in part to the patient recruiter. Recruiters then sold the prescription pills on the street for profit.

14. JOSEPH SAAD further arranged with patient recruiters and others seeking unlawful prescriptions to bring women to the medical clinic who would perform sexual favors on JOSEPH SAAD at the clinic and elsewhere. In addition to sometimes receiving cash for their services, the women and recruiters who brought them would receive preferential treatment at the clinics in the form of unlawful prescriptions, decreased wait times, and other benefits.

15. JOSEPH SAAD and others took steps to conceal their unlawful activity and prevent detection by federal authorities by attempting to give their medical clinics the false appearance of legitimate medical practices. To that end, among other things:

   a. The Tel-Ford Clinic and Suburban Healthcare were incorporated in the name of Dr. Lutwin when, in reality, defendant JOSEPH SAAD operated and managed the businesses.

   b. The Tel-Ford Clinic and Suburban Healthcare often ordered diagnostic testing such as urinalysis screens, x-rays, and MRIs, the results of which had no bearing on whether a purported patient would receive a prescription, but instead served to provide the practice and

   patient files (which the clinics also maintained) with the appearance of legitimacy.

  c. Physicians at the Tel-Ford Clinic and Suburban Healthcare, including Dr. Lutwin, met and consulted with purported patients after the patients paid the receptionist. The patient consultation with physicians, however, was not aimed at healing the patient or otherwise revealing a true medical condition, but instead to conceal that the true purpose of the visit was for the patient to receive an illegal prescription for controlled substances. For example, among other things, physical examinations of patients were often not performed and, if performed, were often negligible.

  d. Physicians at the Tel-Ford Clinic and Suburban Healthcare, including Dr. Lutwin, oftentimes prescribed controlled substance medication in conjunction with other non-controlled or maintenance medication to make the prescriptions appear legitimate when, in fact, they were not.

  e. The clinics largely operated on a cash basis.

16. All in violation of 21 U.S.C. §§ 846, 841(a)(1).

## COUNT TWO

21 U.S.C. § 856(a)(1) – Maintaining Drug-Involved Premises
18 U.S.C. § 2 – Aiding and Abetting

### D-1 JOSEPH SAAD

17. Paragraphs 1 through 16 of this Indictment are included in this count.

18. From about January of 2010 until about October of 2014, in the Eastern District of Michigan, defendant JOSEPH SAAD knowingly and intentionally operated and maintained and aided and abetted the operation and maintenance of initially the Tel-Ford Clinic and then Suburban Healthcare for the purpose of unlawfully distributing Schedule II-V controlled substances, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

21 U.S.C. § 853
### D-1 JOSEPH SAAD

19. Paragraphs 1 through 26 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture against the defendants pursuant to the provisions of Title 21, United States Code, Section 853.

20. As a result of the foregoing violations of Title 21, United States Code, Sections 841(a)(1); 846; and 856, and Title 18, United States Code, Section 2, as charged in Counts One through Two of this Indictment, defendant shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property involved in said violations, or any property traceable to such violations; and (c) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such violations.

21. Such property includes, but is not limited to a money judgment, and all traceable interest and proceeds for which the defendant is liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2, as charged in Counts One through Two of this Indictment.

22. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendants shall forfeit substitute property, up to the value of the properties described above or identified in any subsequent forfeiture bills of particular, if, by any act or

omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

s/GRAND JURY FOREPERSON

BARBARA L. MCQUADE
United States Attorney


s/WAYNE F. PRATT
Assistant United States Attorney
Chief, Health Care Fraud Unit

s/CHARLES J. KALIL II
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
Phone: (313) 226-9518
Email: charles.kalil@usdoj.gov

s/PATRICK J. HURFORD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
Phone: (313) 226-9553
Email: patrick.hurford@usdoj.gov


Dated: March 22, 2016

| United States District Court<br>Eastern District of Michigan | Criminal Case Co | Case:2:16-cr-20197<br>Judge: Roberts, Victoria A.<br>MJ: Grand, David R.<br>Filed: 03-22-2016 At 03:49 PM<br>IND SEALED V SEALED (BG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008     [  ]

### Companion Case Information
Companion Case Number: 15-cr-20253
This may be a companion case based upon LCrR 57.10 (b)(4)[1]:
Judge Assigned: Denise Page Hood
■ Yes     □ No
AUSA's Initials: CJK

Case Title: USA v. JOSEPH SAAD

County where offense occurred: WAYNE

Check One: ■ Felony   □ Misdemeanor   □ Petty

__X___ Indictment --- no prior complaint.
_____ Indictment/_____Information -based upon prior complaint [Case number: ]
_____ Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information
**Superseding to Case No:** _____   **Judge:** _____

□  Original case was terminated; no additional charges or defendants.
□  Corrects errors; no additional charges or defendants.
□  Involves, for plea purposes, different charges or adds counts.
□  Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**          **Charges**          **Prior Complaint (if applicable)**

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 22, 2016
Date

CHARLES J. KALIL, II
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9518
Email address:  charles.kalil@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09