# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,          CRIMINAL NO.  16-cr-20197

        Plaintiff,                                      HON. DENISE P. HOOD

v.

JOSEPH SAAD,

        Defendant.
_____/

## GOVERNMENT'S SENTENCE MEMORANDUM

Joseph Saad is scheduled to be sentenced on May 9, 2017 for participating in an illegal scheme to distribute controlled substances from a purported medical clinic that he owned and operated.  Mr. Saad's agreed sentencing guideline range is 120 months in custody, taking into account (1) that his guideline range based on a criminal history category of I and offense level of 35 is 168-210 months, and (2) that the statutory maximum period of incarceration associated with the felony offense charged is 10 years.  USSG § 5G1.1(a). Mr. Saad knowingly participated in the illegal scheme together with Dr. Irwin Macus Lutwin and others for several years.  Joseph Saad organized the illegal scheme and was the primary beneficiary, and paid Dr. Lutwin to write illegal prescriptions for controlled substances that

1

were provided to drug-seeking individuals frequenting Mr. Saad's purported medical clinics. After considering Mr. Saad's crimes, his acceptance of responsibility for his actions, and other factors, the government believes the agreed guideline term of incarceration for 120 months is an appropriate sentence.

## Background

Joseph Saad was the driving force behind the illegal scheme in this case, which stemmed from his *de facto* ownership of Tel-Ford Medical and Suburban Healthcare. Through these purported medical practices, Mr. Saad recruited and paid physicians, including Dr. Lutwin, to prescribe controlled substances to people who did not have a real medical need for the drugs, but were instead selling and abusing those drugs on the street. Mr. Saad also actively recruited patients to the practices that were seen by Dr. Lutwin. Mr. Saad recruited some patients himself and at times employed patient recruiters who were paid in cash and/or prescriptions to bring drug-seeking individuals to the practices. The "patients" paid money to the front desk of Mr. Saad's practices in exchange for the prescriptions for controlled substances. Mr. Saad paid Dr. Lutwin a modest salary for his participation in the illegal scheme.

## Sentencing

"The Guidelines should be the starting point and the initial benchmark in determining a sentence and a district court should begin all sentencing proceedings

by correctly calculating the applicable Guidelines range." *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007) (quoting *Gall v. United States*, 128 S.Ct. 586, 601 (2007) (internal quotations omitted)).

When calculating the guideline range for purposes of the Rule 11 Plea Agreement in this case, the parties agreed on a guideline range of 120 months based on a total offense level of 35, a criminal history category I, and a statutory maximum period of incarceration of 10 years. The Probation Department generally concurs with this calculation, although it incorporated a 2-point enhancement for Mr. Saad's role as an organizer and leader of the criminal scheme. (PSR at ¶ 5, 22-32.)

The sentence imposed by the Court should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Joseph Saad created the infrastructure and directed and encouraged the behavior that caused the distribution of millions of prescription pills to drug abusers and dealers in southeast Michigan. Mr. Saad was also the primary financial beneficiary of the criminal organization. The consequences of his actions are serious and immeasurable. Joseph Saad's ongoing criminal activity carried out through his purported medical clinics demonstrated a lack of respect for the law as well as a lack of care for the safety and well-being of society.

The sentence should afford adequate deterrence to criminal conduct. 18 U.S.C. §§ 3553(a)(2)(B). The temptation by individuals like Mr. Saad to employ physicians to abuse their positions and their prescription pads to enrich themselves and others does not appear to have diminished in recent years, so the need for deterrence remains strong.

The Court's sentence should also avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Dr. Irwin Marcus Lutwin was also culpable in this illegal scheme with Joseph Saad, and has accordingly been charged in *United States v. Lutwin*, No. 15-cr-20253 (DPH). Dr. Lutwin, however, chose to immediately accept responsibility when confronted by the U.S. government and simultaneously offered his cooperation and assistance to the government. Joseph Saad did not, at first.

Although the agreed guideline range in both Dr. Lutwin's and Joseph Saad's cases is 120 months, the government believes that Mr. Saad was the driving force behind the scheme and that his term of incarceration should be greater than Dr. Lutwin's. In fact, as stated in the First Superseding Information, Mr. Saad's Rule 11 plea agreement to that Information, and acknowledged by Mr. Saad at his plea hearing, Mr. Saad hired Dr. Lutwin for the purpose of unlawfully prescribing

4

controlled substances, and Mr. Saad actively directed and encouraged Dr. Lutwin to write these illegal prescriptions.

In addition, Joseph Saad and Dr. Lutwin are not similarly situated defendants. Indeed, Dr. Lutwin signed a cooperation agreement early in the case and provided timely substantial assistance to the government. Accordingly, the government intends to move for a downward departure in Dr. Lutwin's case pursuant to United States Sentencing Guidelines § 5K1.1.

It is worth noting that Mr. Saad did eventually accept responsibility and offer his cooperation to the United States government, but it was Dr. Lutwin's acceptance of responsibility and cooperation that largely led to the successful investigation and development of verifiable facts and information in the case against Joseph Saad and the investigation of others.

The offense in this case, the distribution of controlled substance narcotics, is serious. The fact that it occurred under the auspices of legitimate medical care only amplifies the severity of the drug dealing at issue. The agreed guideline range of 120 months already represents a significant departure from the guidelines he would otherwise have been exposed to if he had been convicted of the charges in the initial Indictment in this case (charges that are incorporated into the relevant conduct for which Saad has admitted responsibility in his Rule 11 plea agreement).

Accordingly, the United States recommends a sentence of 120 months in custody as well as a significant fine.

                              DANIEL L. LEMISCH
                              Acting United States Attorney


                              s/Wayne F. Pratt
                              Chief, Healthcare Fraud Unit

                              s/Charles J. Kalil II
                              Assistant United States Attorney
                              211 West Fort Street, Suite 2001
                              Detroit, Michigan 48226
                              (313) 226-9518
Dated:  May 3, 2017              charles.kalil@usdoj.gov